# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Criminal Case No. 2:22cr00029-002 |
| v. | ) |
| | ) **REPORT AND** |
| **CHRISTOPHER ADAM DEWAYNE BATES,** | ) **RECOMMENDATION** |
| | ) |
| Defendant | ) |

## I. Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

## II. Facts

The defendant has been charged in a three-count Information. On December 15, 2022, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts One, Two and Three of the Information, charging him with conspiracy to distribute and/or possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), being in possession of a firearm while being an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a) and knowingly possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a).

At this hearing, the defendant was placed under oath and testified that he is 29 years old and that he had dropped out of school in the tenth grade but had received his general educational development, ("GED"), diploma. The defendant testified that he reads and writes the English language. The defendant denied that he had ever suffered from, been diagnosed with or treated for any type of mental illness. The defendant testified that he has been addicted to marijuana and methamphetamine. The defendant testified that he had received no treatment for his substance abuse. The defendant stated that he had not used any of these substances since his arrest on November 10, 2021. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the three-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information.

He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

      The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea.  The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of the offenses and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that one of the offenses with which he is charged is a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

      The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In

particular, the defendant stated that he understood that the drug conspiracy offense to which he was pleading guilty carried a mandatory minimum sentence of 10 years' imprisonment. The defendant also stated that he understood that the possession of a firearm by an unlawful user offense to which he was pleading guilty would carry a mandatory minimum sentence of 15 years' imprisonment up to a maximum of life imprisonment, if the court were to determine that he had three prior convictions for serious drug offenses or violent crimes.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated

–4–

that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant stated that he understood that, under the terms of the Plea Agreement, he was stipulating or agreeing that Sentencing Guideline 2D1.1(c) should apply in his case for a base offense level of 30 based on a drug weight of at least 50 grams but less than 150 grams of methamphetamine.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

> i. The right to plead not guilty to any offense charged against him;
> ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
> iii. The right of assistance of counsel;
> iv. The right to see, hear and cross-examine witnesses;
> v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
> vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to Counts One, Two and Three of the Information.

The Government presented the following evidence regarding the offense with which the defendant is charged:

**As to Count One:** Between August 1, 2021, and the present, the defendant, Christopher Adam Dewayne Bates, the co-conspirators listed in the Information, and others knowingly and intentionally conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine in Wise, Lee, and Scott Counties in the Western District of Virginia.

The evidence would show that during the relevant period, Bates purchased methamphetamine from lead co-conspirator Michael White, some of which Bates further distributed to other individuals throughout the district.  For example, the evidence would show that Bates purchased 3.5 grams of methamphetamine once or twice a week from White, from July or August 2021 until White's arrest in November of 2021. The evidence would also show that Bates coordinated methamphetamine transactions between White and other individuals and went on trips with White to obtain methamphetamine.

The evidence would show that Bates had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

**As to Counts Two and Three:**   The evidence would show that on or about October 2021, Bates knowingly possessed a firearm, specifically the 9mm Taurus pistol named in the Information, at co-

conspirator Tiny Westmoreland's house in Big Stone Gap, which is located within the Western District of Virginia. The evidence also would show that in October 2021, at the time Bates possessed the firearm, he was an unlawful user of and addicted to a controlled substance, specifically methamphetamine. The evidence would show the firearm listed in the Information traveled in and affected interstate commerce. Further, the evidence would show that at the time Bates possessed the 9mm Taurus pistol listed in the information, he knew the firearm was stolen, because he had personally stolen the firearm from Anthony Holmes.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his pleas;
3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One, Two and Three of the Information; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Counts One, Two and Three of the Information and adjudge him guilty of those offenses.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and

Recommendation to all counsel of record at this time.

    DATED:    This 15th day of December, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE